UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-23120-MGC

ANAMARIA CHIMENO-BUZZI, on behalf
of herself and all others similarly situated,

        Plaintiff,
v.

HOLLISTER CO.; and ABERCROMBIE &
FITCH CO.,

        Defendants.
_____/

### PLAINTIFF'S MOTION TO APPOINT CAREY RODRIGUEZ O'KEEFE MILIAN GONYA, LLP AS INTERIM CLASS COUNSEL

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Anamaria Chimeno-Buzzi respectfully requests that this Court enter an order appointing Carey Rodriguez O'Keefe Milian Gonya, LLP ("Carey Rodriguez") as interim class counsel on behalf of the proposed class.

### BACKGROUND

On August 25, 2014, Plaintiff initiated this action against Defendants with a Class Action Complaint (D.E. 1), alleging two claims for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). As a result of Defendants' illegal text marketing practices, Plaintiffs and the members of the putative class are entitled to statutory damages of at least $500 and up to $1,500 for each violation.

This case has been vigorously litigated over the past eight months, with much of the briefing related to the pending Motion to Dismiss or to Stay (D.E. 22) filed by Defendants. Several discovery disputes have also arisen, recently culminating with the Court's April 9, 2015 Order denying Defendants' motion to stay discovery pending a ruling on the Motion to Dismiss or to Stay,

and granting, in full, Plaintiff's motions to compel the production of discovery from each Defendant.

Just three days ago, another TCPA action was filed in this district against Hollister, alleging, in all material respects, the same statutory violations on behalf of the same proposed nationwide class as the *Chimeno-Buzzi* complaint, which Carey Rodriguez prepared and filed eight months ago after thorough investigation and extensive research. *Reed v. Hollister Co.*, Case No. 1:15-cv-21580-JEM (S.D. Fla. April 27, 2014) (a copy of the *Reed* complaint is attached hereto as Exhibit "A").[1]

## ARGUMENT

Uniform coordination of pre-certification activities by Carey Rodriguez will protect the proposed class from unnecessary delay and conflicting legal strategy that would likely otherwise arise where, as here, two plaintiffs, represented by different counsel, are proceeding on behalf of the same putative class and against the same defendant, and seek redress for the same statutory violations.

Pursuant to Rule 23(g)(3), "a court may designate interim counsel to act on behalf of a putative class *before determining whether to certify the action as a class action*." Fed. R. Civ. P. 23(g)(3) (emphasis added). The purpose of designating interim counsel is to clarify the "responsibility for protecting the interests of the class" in pre-certification litigation activities, including coordinating discovery and negotiating settlement. *Manual for Complex Litigation, Fourth*, § 21.11 (2008); *see also Carrier v. Am. Bankers Life Assurance Co. of Fla.,* 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006); Fed. R. Civ. P. 23(g) 2003 Advisory Committee Notes (emphasis added). Whether or not to appoint class counsel is a discretionary matter for the Court. *Parrish v. National Football League Players, Inc.,* No. C 07-00943, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (citing *Manual for Complex Litigation Fourth* § 21.11 (2004)).

---

[1] Although the plaintiff in *Reed* attached to his complaint a copy of the *Chimeno-Buzzi* complaint, he failed to notify the Clerk of the Court of the existence of this related case by checking the "Related Case" checkbox on the civil cover sheet or by filing a Notice of Related Case.

2

As of one week ago, there are two duplicative TCPA class actions pending against Hollister in the Southern District of Florida. Indeed, the *Chimeno-Buzzi* Complaint (D.E. 1) and the *Reed* complaint (Exh. A) each allege that Hollister "is a global clothing and lifestyle company," (D.E. 1 ¶ 2; Exh. A ¶ 1), that sent the named plaintiffs and putative class members text messages "*en masse*" from the SMS short-code "743-722", (D.E. 1 ¶¶ 13, 40; Exh. A ¶¶ 18, 34), in negligent and willful violation of the TCPA, (D.E. 1 ¶¶ 65, 69; Exh. A ¶¶ 49-50). Moreover, because the class definitions are also identical in all material respects, (*compare* D.E. 1 ¶ 47 *with* Exh. A ¶ 37), the plaintiff in the *Chimeno-Buzzi* action already represents (and has represented for the past eight months) the interests of the putative class members with respect to the claims alleged last week against Hollister in the *Reed* action.

Competition for class counsel is also likely because the duplicative *Reed* complaint, like the *Chimeno-Buzzi* complaint, alleges that "[t]he interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel," (Exh A. ¶ 42), and further seeks as relief "an Order … appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel," (*id.* ("Wherefore" clause)).

Under such circumstances, it is appropriate for interim class counsel to be appointed to continue to advance and protect the interests of the putative class during pre-certification proceedings. *See Parrish,* 2007 WL 1624601, at *9 (explaining that courts typically appoint interim counsel where overlapping or duplicative class suits are pending before the court and when it is apparent that there will be competition for the position of class counsel); *see also Donaldson v. Pharmacia Pension Plan,* 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006).

As discussed below, Carey Rodriguez is well-suited for this important role. Its attorneys are complex class action experts who have devoted substantial resources over the past eight months investigating, identifying and litigating the claims alleged in the Complaint (D.E. 1), and are

committed to protecting the interests of the class going forward. Moreover, appointing Carey Rodriguez interim class counsel will prevent any confusion as to which attorneys have authority to proceed with class-wide and merits discovery, as this Court authorized in a written Order dated April 9, 2015 (D.E. 64) and which must conclude by November 13, 2015 (*see* D.E. 51 at 2), and to otherwise act on behalf of the putative class during these pre-certification proceedings.

### I. THE COURT SHOULD APPOINT CAREY RODRIGUEZ AS INTERIM CLASS COUNSEL

In appointing class or interim counsel under Rule 23(g) of the Federal Rules of Civil Procedure, the Court must consider:

- counsel's experience in handling class actions;

- counsel's knowledge of the TCPA and the technology implicated in this case;

- the resources that counsel will commit to representing the class; and

- the work counsel has done in identifying or investigating potential claims in the action.

*See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Carey Rodriguez easily satisfies all the requirements of Rule 23(g).

#### a. Carey Rodriguez's Attorneys Have Wide Ranging Experience in Both Complex Class Action Litigation (Including TCPA Litigation) And Telecommunication Technology – A Unique Skillset That Will Be of Great Benefit to the Class.

Carey Rodriguez has recognized expertise in both complex class action litigation and telecommunication technology, and has used these skills to vigorously and effectively represent the proposed class over the first eight months of this litigation.

The attorneys of Carey Rodriguez – graduates from the country's top law schools, former federal district and circuit court clerks, and seasoned litigators whose representation is regularly requested in matters of significant importance – have a wide range of complex class action litigation experience that will serve the class well in this case. Partner David P. Milian has served as counsel

4

on behalf of plaintiffs in numerous sophisticated class action matters over the past 25 years (in both state and federal courts, including the Southern District of Florida), *see* Declaration of David P. Milian ("Milian Decl.") ¶¶ 4-5 (attached hereto as Exhibit "B"), and as an expert witness on the fairness and propriety of class counsels' attorneys' fee awards in TCPA class actions in the Southern District of Florida, *see id.* ¶ 6. Carey Rodriguez partner Douglas L. O'Keefe has served as counsel and national coordinating counsel on behalf of defendants in major TCPA class actions on numerous occasions, and thus offers unique defense-oriented experience and insight that will undoubtedly be of great benefit to the class. *See* Declaration of Douglas L. O'Keefe ("O'Keefe Decl.") ¶ 5 (attached hereto as Exhibit "C"). Associate Frank S. Hedin previously served as law clerk to the Honorable William Q. Hayes, United States District Judge of the Southern District of California, a role in which he gained considerable TCPA experience by, *inter alia*, drafting orders on motions filed at all stages of litigation in TCPA cases, including motions for class certification, motions for class de-certification, motions for summary judgment, and motions for preliminary and final approval of class settlement. *See* Declaration of Frank S. Hedin ("Hedin Decl.") ¶¶ 4-5 (attached hereto as Exhibit "D"). Carey Rodriguez also boasts a strong appellate practice, with experience before the Eleventh and Second Circuit Courts of Appeals, and is committed to representing the class in any and all appellate proceedings, for as long as it takes. *See* Milian Decl. ¶ 19.

With respect to the technical side of this case, Carey Rodriguez attorney Ernesto M. Rubi, a member of the firm's intellectual property litigation practice and former network engineer, holds a degree in Electrical and Computer Engineering and has vast experience with telecommunications technology and analyzing voluminous electronic data. *See* Declaration of Ernesto M. Rubi ("Rubi Decl.") ¶¶ 3-9 (attached hereto as Exhibit "E"). Given the nature of the software powering Defendants' automated dialing system and their outgoing and incoming text record log files, Mr.

5

Rubi's grasp of the applicable law and technology will be invaluable to the prosecution of this case, while also helping reduce costs that could otherwise go to the class. *See id.* ¶ 8..

It is this wide range of experience that gives Carey Rodriguez the ability to effectively represent the class during pre-certification proceedings and, if necessary, see the case through to trial.

### b. Carey Rodriguez Is Committed to Devoting Its Considerable Resources to Litigating this Case

Carey Rodriguez is also committed to devoting its considerable resources to ensure the Class is vigorously and effectively represented throughout this litigation. *See* Milian Decl. ¶ 15; O'Keefe Decl. ¶ 6.

Supporting the attorneys are several trained paralegals, investigators and litigation support specialists with access to the most cutting-edge information technology resources, far exceeding the technological capabilities of most other plaintiffs' firms. *See* Milian Decl. ¶ 16. In fact, the firm has specialized software for analyzing voluminous call detail record data, and uses the most advanced document review platforms. *See id.* With its extensive resources, Carey Rodriguez can most effectively and efficiently prosecute this case.

The first eight months of this litigation has demonstrated Carey Rodriguez's commitment to protecting the interests of the putative class. Since investigating Plaintiff's individual and class claims, the attorneys of Carey Rodriguez have engaged in substantial motion practice and availed the class to the full panoply of discovery afforded by the Federal Rules. Carey Rodriguez's attorneys have served written discovery requests and subpoenas, filed and won motions to compel, and opposed and defeated motions to stay discovery. They have filed numerous other motions and notices of supplemental authority, protecting the interests of the class at every turn. The attorneys of Carey Rodriguez are currently reviewing recently-produced contracts between Defendants and third party marketing firms, preparing for depositions scheduled for mid-May and retaining expert

6

witnesses to assist with technological matters, while always remaining in regular contact with their client and proposed class representative, Ms. Chimeno-Buzzi.

All told, in just eight short months, the attorneys of Carey Rodriguez have devoted nearly 500 hours of time to this case. *See* Milian Decl. ¶¶ 17-18; Hedin Decl. ¶ 6; Rubi Decl. ¶ 10.

The Defendants in this action are all large, publicly-held corporations represented by a well-known national law firm. In order to ensure plaintiffs are best represented against these formidable adversaries, the class needs an aggressive, well-capitalized advocate willing to litigate this case effectively to its conclusion, up to and including trial, if necessary. Carey Rodriguez has demonstrated throughout the first eight months of this case that it is well-qualified to fulfill this important role.

    **c. Carey Rodriguez Has Performed Substantial Work Investigating The Individual and Class Claims.**

Prior to filing the Complaint (D.E. 1), the lawyers at Carey Rodriguez conducted an extensive investigation into the claims alleged by Plaintiff on behalf of herself and the class. *See* Milian Decl. ¶ 14. They reviewed numerous telephone records, call histories, and various other information such as white papers describing best practices in the text marketing industry and the platforms available for conducting call record analyses. *See id.* Carey Rodriguez's attorneys met with Ms. Chimeno-Buzzi on numerous occasions (both prior to and after filing suit), and conducted extensive legal research and analysis into every aspect of this case. *See id.* The firm's investigation will, of course, continue until resolution of the case.

In sum, the experienced and well-qualified attorneys Carey Rodriguez have invested substantial time and resources investigating and litigating this case, firmly demonstrating the firm's ability to protect the interests of the proposed class as interim counsel. *See U.S. Fidelity & Guar. Co. v. Lord*, 585 F.2d 860, 873-75 (8th Cir. 1978) (explaining that adequacy of counsel may be demonstrated by its representation in the current matter and/or its representation in similar

matters); *Johnson v. GMAC Mortg. Group, Inc.,* No. 04-cv-2004, 2006 WL 1071748, at *3 (N.D. Iowa Apr. 20, 2006) (finding counsel adequate based on its prosecution of numerous similar cases).

## II. APPOINTING A SINGLE FIRM AS LEAD COUNSEL IS EFFICIENT

A single law firm, working with a sophisticated plaintiff who received numerous intrusive, unsolicited text messages without any instructions from Defendants on how to opt-out, will result in streamlined litigation, no duplication of effort among firms, and a reduction of costs. Accordingly, the appointment of a Carey Rodriguez as sole lead counsel provides important efficiencies that will be lost if multiple firms are appointed class counsel in a cumbersome class counsel leadership structure. *See In re Reliant Sec. Litig.*, No. 02-1810, 2002 U.S. Dist. LEXIS 27777, at *10-*11 (S.D. Tex. Aug. 27, 2002) ("Although appointment of multiple law firms as lead counsel in certain circumstances may be beneficial to the litigation of a class action, appointment of co-counsel more commonly will create needless complications, administratively and otherwise, substantial multiplicity of effort, and materially increased litigation costs and expenses."); *see also Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *27 n.10 (C.D. Cal. May 1, 2006) (courts should be "concerned that this multiplicity of counsel could impede the progress of the litigation, complicate discovery and communication among the parties, and increase the potential for conflict among the plaintiff class").

## CONCLUSION

For the above reasons, Plaintiff respectfully requests, on behalf of herself and the putative class, that this Court appoint Carey Rodriguez O'Keefe Milian Gonya, LLP as interim class counsel. Carey Rodriguez has the expertise, resources and commitment to litigate this case aggressively and successfully on behalf of the class.

Dated:  May 6, 2015 Respectfully submitted,

By: /s/  David P. Milian

**CAREY RODRIGUEZ O'KEEFE MILIAN GONYA, LLP**

**David P. Milian, Esq.**
Florida Bar No. 844421
dmilian@careyrodriguez.com
**Frank S. Hedin, Esq.**
Florida Bar No. 109698
fhedin@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Frank S. Hedin
Frank S. Hedin